IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff/Respondent,<br><br>vs.<br><br>Alejandro Lazalde,<br><br>  Defendant/Petitioner. | Criminal Nos.: 1:19-cr-00045<br>1:19-cr-00136<br><br>Civil Nos.: 1:23-cv-00054<br>1:23-cv-00053 |

### ORDER DENYING MOTIONS TO VACATE UNDER 28 U.S.C. SECTION 2255

[¶1]   THIS MATTER comes before the Court on two Motions to Vacate under 28 U.S.C. Section 2255 filed by the Defendant and Petitioner Alejandro Lazalde ("Lazalde") in the above captioned cases. After deferring ruling on the Motions, the Court held a hearing on April 7, 2025.

[¶2]   The only question before the Court is whether Lazalde asked his attorney, Harvey Skees, to file a notice of appeal. Ordinarily, to show ineffective assistance of counsel in a 2255 proceeding, a defendant must show (1) counsel's performance fell below that which is guaranteed by the Sixth Amendment based upon an objective standard of reasonableness and (2) that the error caused the Defendant prejudice. Strickland v. Washington, 466 U.S. 668, 686–87, 694 (1984); Morelos v. United States, 709 F.3d 1246, 1250 (8th Cir. 2013). When a defendant claims counsel failed to file a notice of appeal, however, the Court does not consider the prejudice analysis. Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992). In such cases, the Court only asks whether (1) the defendant requested an appeal and (2) a notice of appeal was docketed. See id. A defendant must show that his attorney was aware of his desire to appeal. United States v. Luke, 686 F.3d 600, 606 (8th Cir. 2012).

[¶3]   Based on the record at the hearing, it is clear Lazalde never asked Attorney Skees to file a notice of appeal. While Lazalde claimed he texted Attorney Skees his desire to appeal his sentence, Attorney Skees never received the message. In fact, Attorney Skees did not even bill for reading the text message, which he assured the Court he would have done under the circumstances. Lazalde has no record of sending the text message besides his self-serving claim he did. The Court finds Attorney Skees to be credible, consistent, and truthful. Attorney Skees testified Lazalde never asked him to file an appeal. The Court finds this is true. Lazalde's self-serve assertions to the contrary without any verifiable record are insufficient to show Attorney Skees was aware of Lazalde's desire—if any—to appeal. See id. In short, the record establishes Lazalde did not ask Attorney Skees to appeal the judgments in these cases.

[¶4]   Accordingly, Lazalde's Motion to Vacate under 28 U.S.C. Section 2255 is **DENIED**. The Motion to Vacate is, therefore, **DISMISSED**.

[¶5]   The Court finds that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis. The Court further finds, based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedeman v. Benson, 122 F.3d 518, 520–22 (8th Cir. 1997). If the petitioner desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman.

[¶6]   **IT IS SO ORDERED.**

DATED May 5, 2025.

Daniel M. Traynor, District Judge
United States District Court